UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MS. SHIRRON MARIE ADAMS,        ) | |
|        Plaintiff,        ) | |
|                ) | Civil Action No. 05-10399-MEL |
| v.        ) | |
|                ) | |
| WASHINGTON D.C. WHITE HOUSE,        ) | |
| AND GEORGE BUSH,        ) | |
|        Defendants.        ) | |

MEMORANDUM AND ORDER OF DISMISSAL

On February 14, 2005, plaintiff Shirron Marie Adams filed her self-prepared complaint against the White House, and President George Bush, seeking $1 billion dollars in damages for alleged civil rights violations. Accompanying her complaint was an Application to Proceed Without Prepayment of Fees[1].

Plaintiff alleges that during his first term in office, she sent President Bush a letter notifying him of the "injustice" to her. (Complaint, ¶4). She claims "some kind of harrassment [sic], discrimination, me being exploided [sic] and my privacy rights being violated." (Complaint, ¶5). She indicates she "has been reporting these issues to my therapists." (Complaint ¶6). The crux of the complaint appears to be as follows:

> Since then the harrassment [sic] has gotten worse people are violating me in the worse [sic] way. He allowing [sic] people to use some kind of sound waves to get into my head to exploit me in the worse [sic] way people actually think they are me and they are controling [sic] me. It's sickening.

Complaint, ¶8. She further claims:

---

[1] The case was initially assigned to Judge Lindsay. On March 23, 2005, Judge Lindsay entered an Order of Recusal and this matter was randomly re-assigned.

> They play games with my television, my radio, my home is tapped and wired [sic] people can hear, see, and attack me in any shape form or fashion. My life is threatened. I feel like my life, my kids life [sic], my boyfriends life and my family is in jeopardy.

Complaint, ¶9.  Attached to her complaint are exhibits which appear to include a complaint dated January 25, 2005,  filed with the Director of Management of Plaintiff's residence, complaining about harassment and noise from neighbors.  Also included are what appear to be handwritten notes of Plaintiff.  One, dated January 30, 2005, states, *inter alia*:

> I am still hearing nasty perversion going on inside of my head. It sound very shallow as if it was being sent on the radio waves or something. Sounds as if it [sic] been filted [sic]....I strongly believe that my harrassment [sic] has to do with the Government. I believe it is the President who is doing this and allowing this to happen. My telephone is tapped and wired. My programming on the T.V. has somehow been distorted. People can see and hear everything I am saying, thinking, and doing....[m]y brain has been somehow attacked too. I don't know how people can hear what I am thinking and be able to comment on everything.

Exhibit to Complaint, pps 1-2.

    I. <u>The Court May Screen this Action</u>

    Because plaintiff seeks to file this complaint without prepayment of the filing fee, a summons has not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal *in forma pauperis* statute.  <u>See</u> 28 U.S.C. §1915.  Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

II. Plaintiff's Complaint Fails to Comply with Rule 8(a)

Although the Court recognizes that *pro se* complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in her complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

Here, Plaintiff's complaint fails to even meet the minimum pleading standards to make out a legally cognizable claim. The complaint is replete with extraordinary allegations of mind control by the Government. Such complaints are not uncommon. See, e.g., Doran v. McGinnis, 158 F.R.D. 383 (E.D. Mich. 1994) (dispositive motions granted on plaintiff's claims of implantation of telepathic mind control device), citing Melvin v. U.S. Congress, 1987 WL 8547 (E.D. Pa. 1987). Factual contentions which describe "fantastic or delusional scenarios" have been considered completely without merit under §1915. Chambers v. Couturier, 1990 WL 121510 (E.D. Pa. 1990) (plaintiff's complaint alleging conspiracy to commit murder by inducing plaintiff, through telepathic waves, to hang himself, and that

3

medication given him contains plaster or lime, considered frivolous under *in forma pauperis* statute, within meaning in <u>Neitzke</u>, 490 U.S. at 327-28, and <u>citing</u> <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3rd Cir. 1989). Even where the plaintiff has paid the filing fee and has not sought *in forma pauperis* status (and thus no screening under §1915 warranted), the court may dismiss a case *sua sponte*. <u>See, e.g.</u>, <u>Tyler v. Carter, et al.</u>, 151 F.R.D. 537, 540 (S.D.N.Y. 1993)("A plaintiff asserting fantastical or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense.")(plaintiff asserted conspiracy to re-institute slavery, whispering campaigns).

Claims lack an arguable or rational basis <u>in law</u> when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or describe unreal scenarios. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327-328 (interpreting the former § 1915(d)); <u>accord</u> <u>Denton</u>, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); <u>Mack v. Massachusetts</u>, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction); <u>Tapia-Ortiz v. Winter</u>, 185 F.3d 8, 11 (2nd Cir. 1999) (affirming dismissal of plaintiff's request for convening of a grand jury to investigate alleged conspiracy of 20 judges and assistant U.S. Attorney); <u>Street v. Fair</u>, 918 F.2d 269 (1st Cir 1990) (§1915(d) *sua sponte* dismissals do not require notice to plaintiff with opportunity to respond, if the claim is based on an "indisputably meritless legal theory" (such as where defendants clearly immune) or founded on fanciful scenarios)).

In this case, even viewing the alleged facts in the light most favorable to plaintiff, the complaint against President Bush and the White House simply fails to articulate or suggest an arguable claim under any recognized legal theory. Accordingly, the complaint shall be dismissed pursuant to 28 U.S.C. §

1915(e). Denton, 504 U.S. at 32-33; Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001). (dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption). Because this action is dismissed for these reasons, this Court need not consider other possible bases of dismissal at this time, such as Presidential immunity or federal sovereign immunity from damages for official acts, Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982) (the President of the United States "is entitled to absolute immunity from damages liability predicated on his official acts); United States v. Sherwood, 312 U.S. 584, 586 (1941) (federal government entitled to immunity unless it consents to suit). See also, Loeffler v. Frank, 486 U.S. 549. 554 (1988); FDIC v. Meyer, 510 U.S. 471, 475 (1994).

IV.     Plaintiff's Application to Proceed *in forma pauperis*

In her Application to Proceed *in forma pauperis*, Plaintiff indicated she has been unemployed since September 2000, and receives $660 per month in SSI payments. She has no other assets or income. Accordingly, Plaintiff has demonstrated that she is without sufficient funds to pay the $250.00 filing fee, and her Application to proceed without prepayment of fees is Allowed.

### CONCLUSION

ACCORDINGLY, for all of the reasons set forth above, the Complaint is hereby ORDERED DISMISSED *sua sponte*.

Dated at Boston, Massachusetts, this 25th day of March, 2005.

/s/ Morris E. Lasker
MORRIS E. LASKER
UNITED STATES DISTRICT JUDGE